1248

CITIZENS FOR A BETTER ENVIRON-
MENT, an Illinois Not-for-Profit
Corporation, Plaintiff,

v.

UNITED STATES DEPARTMENT OF
COMMERCE, Defendant.

No. 75 C 3577.

United States District Court,
N. D. Illinois, E. D.

March 29, 1976.

Michael R. Berman, Chicago, Ill., for plaintiff.

Jeffrey Axelrad, Richard E. Greenspan, U. S. Dept. of Justice, Washington, D. C., Samuel K. Skinner, U. S. Atty., Chicago, Ill., for defendant.

MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the motion of the plaintiff for judgment on the pleadings, or in the alternative for summary judgment, and on the cross-motion of the defendant for summary judgment. For the reasons hereinafter stated, plaintiff's motion shall be denied and defendant's motion shall be granted.

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, plaintiff Citizens For A Better Environment requested that the Bureau of Economic Analysis, a subdivision of the United States

Department of Commerce, release copies of Form BE–452(A) submitted by U. S. Steel, Republic Steel, Armco Steel, Bethlehem Steel, Inland Steel and National Steel for the years 1971–1975. The request was denied on the basis of Exemption 3, 5 U.S.C. § 552(b)(3), of the Freedom of Information Act (FOIA) and 15 U.S.C. § 176a. An appeal was taken in which the plaintiff indicated that it was seeking information relating to expenditures made on air and water pollution abatement equipment. The defendant denied the appeal on the basis of Exemption 3 of the FOIA and 15 U.S.C. § 176a. As a result, litigation was commenced in this court.

The Bureau of Economic Analysis, successor to the Bureau of Foreign and Domestic Commerce, has been established by statute. 15 U.S.C. §§ 171–198. One purpose of the Bureau is to gather information necessary to "foster, promote, and develop the various manufacturing industries of the United States . . . ." 15 U.S.C. § 175. Pursuant to this statute, the Bureau uses Form BE–452(A), a Plant and Equipment Expenditures Survey, to gain information relative to various current and expected capital expenditures and the effect of these expenditures on the reporting company. (Hurrle Affidavit ¶ 3 and ¶ 10). It is further provided by statute that statistical information furnished the Bureau "in confidence" is to be held confidential and may not be released in such a manner as to reveal the identity of the corporation furnishing said data. 15 U.S.C. § 176a.

Plaintiff asserts that 15 U.S.C. § 176a does not specifically exempt from disclosure the information contained in Form BE–452(A) within the meaning of Exemption 3 of the FOIA. It is asserted that 15 U.S.C. § 176a only exempts information furnished "in confidence" and that such a determination rests upon the objective construction given Exemption 4, 5 U.S.C. § 552(b)(4), of the FOIA. It is alleged that defendant's mere denial of plaintiff's request on the basis of administrative confidentiality fails to satisfy 15 U.S.C. § 176a. Rather, plaintiff

asserts that the information is not confidential as it is not information which companies withhold from the public. *M. A. Schapiro & Co. v. SEC*, 339 F.Supp. 467, 470–71 (D.D.C.1972).

Defendant has filed an affidavit and memorandum in opposition to plaintiff's motion and in support of its cross-motion for summary judgment. It is contended that the financial information contained in Form BE–452(A) falls within Exemption 3 of the FOIA as it is specifically exempted by 15 U.S.C. § 176a. It is further contended that Exemption 4 of the FOIA is applicable to the information sought.

The Freedom of Information Act contains nine exemptions. Exemption 3, 5 U.S.C. § 552(b)(3), provides for the nondisclosure of matters "specifically exempted from disclosure by statute." Exemption 4, 5 U.S.C. § 552(b)(4), provides for the nondisclosure of "trade secrets and commercial and financial information obtained from a person and privileged or confidential."

The United States Supreme Court recently focused on the parameters of Exemption 3 of the FOIA in *Administrator, FAA v. Robertson*, 422 U.S. 255, 95 S.Ct. 2140, 45 L.Ed.2d 164 (1975). Examining the legislative history, the Court concluded that it was not the intent of Congress to repeal by implication statutes specifically written with the intent of restricting public access to specific government information. 422 U.S. at 264–66, 95 S.Ct. at 2146–2148, 45 L.Ed.2d at 172–173. Further, it was concluded that the term "specific" does not mean that the statute restricting access applies only to named documents but rather that it applies to information which Congress has authorized the agency to withhold. 422 U.S. at 265, 95 S.Ct. at 2147, 45 L.Ed.2d at 173.

■ This court is of the opinion that 15 U.S.C. § 176a is a statute which specifically exempts matters from disclosure under Exemption 3 of the FOIA. The court is further of the opinion that the information plaintiff seeks is exempted from disclosure by 15 U.S.C. § 176a.

The survey contains a caption which states that the "report is accorded confidential treatment and will not be used for purposes of taxation, investigation or regulation." In addition, a standard cover letter is sent to each potential participant which, in part, states that "the name of your company and the figures you report will be held in strict confidence . . . and will be seen only by sworn employees of the Bureau of Economic Analysis." (Hurrle Affidavit ¶ 11b). The responses received are furnished "in confidence" as that term is used within 15 U.S.C. § 176a.

 Plaintiff's reliance on *M. A. Schapiro & Co. v. SEC, supra,* is misplaced. The court there held that 18 U.S.C. § 1905 did not fall within Exemption 3 and further stated that Exemption 3 relates to statutes restricting public access to specific government records but not to a statute that generally prohibits the disclosure of confidential information. 339 F.Supp. at 470. This latter statement is no longer the law in light of *Administrator, FAA v. Robertson, supra.*

To the extent that reliance is placed upon *Schapiro* for the proposition that Exemption 4 requires objective confidentiality, this court agrees with plaintiff that one factor to be considered under Exemption 4 of the FOIA is whether the company supplying the information objects to disclosure. However, confidentiality as construed in applying Exemption 4 of the FOIA cannot be read in the same context as the word may be used in applying Exemption 3 of the FOIA. Exemption 4 was enacted with a legislative definition and purpose in mind. S.Rep.No.813, 89th Cong., 1st Sess. 9 (1965), cited in *National Parks and Conservation Association v. Morton,* 162 U.S.App.D.C. 223, 498 F.2d 765, 766 (1974). On the other hand, Exemption 3 was enacted with no distinction made on the basis of the standards articulated in the exempting statute. *Administrator, FAA v. Robertson,* 422 U.S. 255, 263–64, 95 S.Ct. 2140, 2146, 45 L.Ed.2d 164, 172 (1975). As the court has concluded that

summary judgment for the defendant is proper under Exemption 3 of the FOIA, the applicability of Exemption 4 of the FOIA will not be considered.

It is therefore ordered that the motion of the defendant for summary judgment on the basis of Exemption 3 of the Freedom of Information Act shall be, and the same hereby is, granted.

It is further ordered that the motion of the plaintiff for judgment on the pleadings, or in the alternative for summary judgment, shall be, and the same hereby is, denied.